IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL LOVELL, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. ) ) JUDGE ) |
| v. | ) ) COLLECTIVE ACTION COMPLAINT ) |
| PARK PLACE TECHNOLOGIES, LLC | ) JURY DEMAND INCLUDED HEREIN ) |
| Defendant. | ) |

Plaintiff Samuel Lovell ("Representative Plaintiff"), by and through counsel, for his Complaint against Defendant Park Place Technologies, LLC ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)

1

because Defendant's principal place of business is in this district and division and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Texas who was employed by Defendant as a Field Service Engineer from May 2017 to the present.

6. Defendant is a Corporation for Profit organized under the laws of the state of Ohio and maintains its principal place of business in Cleveland, Ohio. Defendant can be served at its primary place of business at 5910 Landerbrook Drive, Cleveland, Ohio 44124.

7. Defendant's press releases have defined its business as being a global IT infrastructure and solutions provider with a unique portfolio of solutions and services designed to streamline the monitoring and management of its client's digital environment. Defendant employed Representative Plaintiff in its Texas territory during all times relevant to this Complaint.

8. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant employed Representative Plaintiff and others similarly situated as non-exempt employees as Field Service Engineers.

14. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work in excess of 40 hours per workweek.

15. Defendant required Representative Plaintiff and other similarly situated employees to fulfill the duties of a Field Service Engineer, which required that they provide onsite technical customer support for Defendant's customers, which primarily involved troubleshooting failures in Defendant's customers' computer hardware systems.

16. The duties of the Field Service Engineers position held by Plaintiff and other similarly situated employees do not remotely meet the standard for the computer professional exemption under Sections 13(a)(1) and 13(a)(17) of the FLSA.

17. Indeed, Defendant had previously classified the Field Service Engineer position as eligible for overtime, but illegally changed the Field Service Engineer position to a salaried position (with no overtime eligibility) without changing any of the aforementioned job duties.

18. Defendant's failure to pay Representative Plaintiff and similarly situated employees overtime wages when they worked over 40 hours per week violates the FLSA.

19. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees overtime compensation when they worked over forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All individuals employed by Defendant since April 2019 who have held the title of Field Service Engineer.

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.

## COUNT ONE
## (FLSA OVERTIME VIOLATIONS)

25. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

4

27. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

28. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

29. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

30. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation, and indeed had previously paid overtime to Field Service Engineers.

31. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

32. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Members;

C. Award compensatory damages to Representative Plaintiff and the FLSA Collective Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount, as a result of Defendant's willful violations of the FLSA;

D. Award Representative Plaintiff and the FLSA Collective Members pre-judgment and post-judgment interest at the statutory rate; and

E. Award Representative Plaintiff their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s Hans A. Nilges, Esq.*
**NILGES DRAHER LLC**
Hans A. Nilges, Esquire
7034 Braucher St. NW, Suite B
North Canton, Ohio 44720
Tel: (330) 470-4428
Email: hans@ohlaborlaw.com

**SMITH MULLIN, LLP**
Nancy Erika Smith, Esquire (pending reciprocity admission)
240 Claremont Avenue
Montclair, New Jersey 07042
Tel: (973) 783-7607
Email: nsmith@smithmullin.com

**SATTIRAJU & THARNEY, LLP**
Ravi Sattiraju, Esquire (pending reciprocity admission)
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Email: rsattiraju@s-tlawfirm.com

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s Hans A. Nilges, Esq.*
**NILGES DRAHER LLC**
Hans A. Nilges, Esquire
7034 Braucher St. NW, Suite B
North Canton, Ohio 44720
Tel: (330) 470-4428
Email: hans@ohlaborlaw.com

**SMITH MULLIN, LLP**
Nancy Erika Smith, Esquire (pending reciprocity admission)
240 Claremont Avenue
Montclair, New Jersey 07042
Tel: (973) 783-7607
Email: nsmith@smithmullin.com

**SATTIRAJU & THARNEY, LLP**
Ravi Sattiraju, Esquire (pending reciprocity admission)
50 Millstone Road
Building 300, Suite 202
East Windsor, New Jersey 08520
Tel: (609) 469-2110
Email: rsattiraju@s-tlawfirm.com