IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LOVELL, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 1:22-cv-00595-CAB |
| Plaintiff, | ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) ) | **PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT** |
| PARK PLACE TECHNOLOGIES, LLC, | ) ) | **AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendant. | ) | |

## I.     INTRODUCTION

Plaintiff Samuel Lovell, on behalf of himself and the current Opt-In Plaintiffs (collectively "Plaintiffs") respectfully moves this Honorable Court to approve the proposed Settlement reached by Plaintiffs and Park Place Technologies, LLC ("Defendant") and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit 1.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding state wage-and-hour statutes.  Plaintiff asserted that Defendant violated the FLSA by misclassifying him and other similarly situated employees as "exempt" and failing to pay them for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek.

If approved by the Court, the Settlement will provide for the issuance of Individual Payments within forty-four (44) days after the Court approves the Settlement in accordance with the proposed schedule:

- Within thirty (30) days after entry of the Court's settlement approval order and dismissal of the Action with prejudice, Defendant will transfer the Total Gross Settlement Amount to the Claims Administrator along with an additional amount equal to Defendant's share of payroll taxes. Plaintiffs' Counsel will provide the Claims Administrator the settlement allocation amounts, including the names, last known addresses, and Individual Payments of Plaintiffs;

- Within fourteen (14) days after Defendant transfers the Total Gross Settlement Amount, the Claims Administrator will mail the Individual Payments to Plaintiffs who opted into the action any approved Service Award Payment to Lead Plaintiff, and approved attorneys' fees and expenses to Plaintiffs' Counsel.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and was reached on April 7, 2024 with the assistance of Mediator Jerome Weiss.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit 1:     Joint Stipulation of Settlement and Release

Exhibit 2:     Declaration of Lori M. Griffin

Exhibit 3:     Order of Dismissal and Approving Settlement

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Action

On April 13, 2022, Plaintiff Samuel Lovell filed this Action asserting that Defendant misclassified him and other similarly situated employees as "exempt" and failed to pay them for

all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek.

Specifically, Plaintiff alleged that Defendant violated the FLSA by misclassifying its Field Service Engineers as exempt, requiring them to work in excess of 40 hours in a workweek, and did not pay them overtime compensation for the hours the worked in excess of 40 hours in a workweek in violation of the FLSA and OMFWSA.

On October 17, 2022, Plaintiff filed a Motion for Conditional Certification (Doc. 19), which Defendant opposed on November 14, 2022.  (Doc. 22.)

On January 3, 2023, the Court granted Plaintiff's Motion and conditionally certified the following class of individuals: "All individuals employed by Defendant since January 3, 2020, and continuing through the conclusion of the litigation, who have held the title of Field Service Engineer and were classified by Defendant as exempt from the overtime requirements of the FLSA and who worked in excess of 40 hours in any workweek during this period of time."  (Doc. 26.)

On January 13, 2023, Maurice Crayne's consent form was withdrawn.  (Doc. 27.)

On February 13, 2023, the Notice was mailed and emailed to 328 potential opt-in Plaintiffs. The Notice period closed on March 30, 2023.  In total, 57 individuals joined the case.

### B.      Negotiation of the Settlement

Between April 2023 and April 2024, the Parties exchanged information which included the initial production of time and pay information relating to Plaintiff and the Opt-In Plaintiffs and responses to initial discovery by Lead Plaintiff Lovell.  The Parties performed extensive calculations to determine the alleged damages of Plaintiffs.  They then participated in two mediations, followed by numerous additional settlement discussions facilitated by mediator Jerome Weiss.  (Ex. 2, at ¶ 23.)

3

The Parties engaged in substantial investigation, which included informal exchanges of data and information prior to negotiating the Settlement.  (*Id.* at ¶ 24.)  Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. (*Id.* at ¶ 25.)  This investigation also included a complete analysis and calculation of Plaintiffs' alleged damages and interviewing and surveying numerous individuals who worked in the Field Service Engineer position.  (*Id.* at ¶ 26.)  Counsel for the Parties engaged in several discussions regarding the data provided in relation to damage calculations, Plaintiffs' claims and Defendant's defenses. (*Id.* at ¶ 27.)

The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs worked over 40 hours in any work week, whether Plaintiffs were properly classified as exempt, whether the 2-year or 3-year statute of limitations applies, whether Plaintiffs are similarly situated to one another, and whether Plaintiffs would be entitled to liquidated damages, as Defendant claims they did not act willfully and had a good faith defense.

On May 5, 2023 the Parties attended mediation with Mediator Frank Ray.  The mediation was unsuccessful.

On August 9, 2023, the Parties attended mediation with Jerome Weiss.  The mediation was unsuccessful, however the Parties continued to work with Mediator Weiss in an effort to resolve the matter.

On April 7, 2024, in an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement in principle to settle the lawsuit, and subsequently agreed upon the terms set forth in the Joint Stipulation of Settlement and Release.  (*Id.* at ¶ 21.)

## C.    The Settlement Terms

If approved by the Court, the Settlement will cover Lead Plaintiff Samuel Lovell and the 56 Opt-In Plaintiffs ("Plaintiffs").  Because the proposed Settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Samuel Lovell as the Lead Plaintiff and to be bound by any settlement and/or judgement in this case, no fairness hearing is required or requested by the Parties.[1]

The Total Settlement Amount is One Million Five Hundred Thousand Dollars ($1,500,000.00) which is inclusive of (a) all of the Individual Settlement Payments to Plaintiffs; (b) the Service Award Payment as approved by the Court to Lead Plaintiff Lovell and (c) Plaintiffs' Counsel's attorneys' fees and expenses as approved by the Court. (Ex. 2, Griffin Declaration at ¶ 32.)

If the Service Award and attorneys' fees applications are approved by the Court, Nine Hundred Sixty-Eight Thousand Four Hundred Fifty-Two Dollars and Twenty-Four Cents ($968,452.24) of the Total Settlement Amount will be divided into Individual Settlement Payments to the Plaintiffs.  The Individual Payments were calculated proportionally based on each Plaintiff's alleged overtime damages during the Released Period.  The Parties have agreed to a $500.00 minimum payment for opt-in Plaintiff Steven Henry who did not work as a Field Service Engineer

---

[1] *See Moore v. Ackerman Inv. Co*., C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

for Defendant.  A list of Plaintiffs is provided in Appendix 1 of the Joint Stipulation of Settlement and Release.  (*Id.* at ¶ 33.)

Twenty-Five Thousand Dollars ($25,000.00) of the Total Settlement will be paid to Lead Plaintiff Lovell in addition to his individual payment for his services as Lead Plaintiff and in exchange for a general release of claims.  (*Id.* at ¶ 40.)  In addition, $500,000.00 will be paid Plaintiffs' Counsel for attorneys' fees and $6,547.76 for expenses incurred and expected to be incurred in the action and administration of the settlement.  (*Id.* at ¶ 41.)  This fee award is reasonable in light of the benefit achieved for Plaintiffs and is significantly less than Plaintiffs' counsel's lodestar.  (*Id.*)

In exchange, the Action will be dismissed with prejudice, Plaintiffs will release Defendant and the Released Parties (as defined in the Joint Stipulation of Settlement and Release) from all federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses that were or could have been alleged in the Complaint for the Release Period, and the Lead Plaintiff will also be bound by the general release as set forth in the Joint Stipulation of Settlement and Release.

## I.     THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As shown in the attached Declaration of Lori M. Griffin, and as explained below, Court approval is warranted on all scores.

### A.     The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness."  *Landsberg v. Acton*

6

*Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008), quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at *3.  As shown below and in the Griffin, Declaration (*see* Exhibit 4), the standard supports approval of the Settlement.

**B.      The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable."  *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).  All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement.  The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion.  (*See* Exhibit 2.)  The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming.  While only little formal discovery has yet commenced, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*. at ¶¶ 43.)  The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides.  (*Id*. at ¶ 44.)  The opinions of experienced counsel of the Parties support the Settlement, as does the Lead Plaintiff.  (*See* Exhibit 2.)

All Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period.  (*Id*. at ¶ 33.)

Plaintiffs' Counsel has calculated that Plaintiffs are owed a total of $1,016,046.80 in unpaid overtime compensation during the calculation period of April 2019 to July 31, 2023 and that is assuming that the 3-year statute of limitations applies, and each Plaintiff worked 15 overtime hours per workweek.  (*Id*. at ¶ 34.)  The alleged unpaid overtime compensation was calculated by dividing the total remuneration paid each week by 50 hours to determine each Plaintiffs' weekly regular rate. The regular rate was then multiplied by .5 to determine the applicable overtime rate for each Plaintiff, and then the applicable overtime rate was multiplied by the overtime hours (30 overtime hours per pay period (or 15 overtime hours per workweek).  (*Id*.)  If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid overtime compensation. (*Id*. at ¶ 35.)

Thus, the Total Settlement Amount after deduction for the requested Service Award, attorneys' fees and expenses equals approximately 95.27% of Plaintiffs' wage damages assuming

each Plaintiff worked 15 overtime hours per workweek (55 hours per week), even though Defendant denies Plaintiff's misclassification claim and disputes the number of hours and workweeks Plaintiffs claim they worked in excess of 40 hours per workweek. (*Id*. at ¶ 37.)

During the Calculation Period, based on the records provided by Defendant and as analyzed by Plaintiffs' Counsel according to the above calculation, Lead Representative Plaintiff and the Opt-In Plaintiffs were allegedly denied $948,310.38 in overtime compensation for working 54 hours per week during their employment, and $1,016,046.80 in overtime compensation for working 55 hours per week during their employment.  (*Id*. at ¶ 36.)

## C.    Class Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).

Here, the Court should award one-third of the settlement fund ($500,000.00) in attorneys' fees. Defendant does not oppose Plaintiffs' request, and the attorneys' fees requested are reasonable in light of the exceptional benefit Plaintiffs' Counsel achieved for Plaintiffs.

"In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Brandenburg v. Cousin Vinny's Pizza, LLC,* No. 3:16-CV-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (one-third of the fund "is a normal fee amount in a wage and hour case."); *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *see also*, *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *3, 7, 8 (N.D. Ohio, June 15, 2010) ("The amount of the contingency, one-third of the total award, is also reasonable and has been approved in similar FLSA collective actions in this judicial district."); *Dillworth v. Case Farms Processing, Inc.*, No.

5:08-CV-1694, 2010 WL 776933, at *1 (N.D. Ohio Mar. 8, 2010) (approving one-third of fund where there was a recovery constituting one-third of claimed unpaid wages; litigation risks and significant work expended; and a contingency arrangement); *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (awarding one-third of the fund); *Kritzer v. Safelite Sols.*, *LLC*, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012) (awarding 52 percent of maximum settlement fund to counsel in wage and hour case); *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *6 (S.D. Ohio July 11, 2014) (awarding 33 percent of $4 million settlement fund in wage and hour case); *Moore v. Aerotek, Inc.*, 2017 WL 2838148, at *6 (S.D. Ohio June 30, 2017), report and recommendation adopted, No. 2017 WL 3142403 (S.D. Ohio July 25, 2017) ("Fee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created."); *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc.,* No. 1:16-CV-448, 2017 WL 5247538, at *5-6 (S.D. Ohio Nov. 13, 2017) (awarding one-third of $450,000 fund); *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007) (one-third attorneys' fee approved). The Ohio practice is in accord with the practice throughout the Sixth Circuit and nationwide.

Plaintiffs' Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 2.). The attorneys' fees requested are reasonable in light of the exceptional benefit achieved for the Plaintiffs, whose recovery, **after** the deduction of the Representative Plaintiff's payment, the requested attorneys' fees and costs, equals 95.27% of the total overtime compensation allegedly owed for the 3-year statutory period.

The attorneys' fees in this case were entirely contingent upon the success of this litigation, and should not be altered because counsel efficiently resolved this case rather than prolonging the

litigation and increasing the potential fees. *See* Manual for Complex Litigation (4th) § 14.121 ("one purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation."). Plaintiffs' Counsel undertook representation under a contingent-fee basis, expended significant time and effort and advanced costs and expenses, without any guarantee of compensation. (*Id*. at ¶ 46.) Plaintiffs' Counsel has been actively working on this case for approximately two years. It is a complex FLSA matter, and it has been hard fought by both sides. (*Id*.)

The risk of non-payment, or a significantly reduced payment, strongly supports the amount requested here. Had this case not settled, Plaintiffs' Counsel would have vigorously litigated the case without any promise of success and compensation. (*Id*. at ¶ 47.) In the instant case, bona fide disputes exist between the Parties, including, *inter alia*, whether Plaintiffs are entitled to overtime compensation, and if so, whether they are entitled to overtime compensation at a rate of one and one-half times their hourly rate of pay, whether Plaintiffs were properly classified as exempt as Defendant alleges, whether Plaintiffs worked more than 40 hours per workweek, whether the 2-year or 3-year statute of limitations applies, whether Plaintiffs are similarly situated to one another, and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willful and has a good faith defense. (*Id*. at ¶ 35.) At every step of the litigation, Defendant could have succeeded. (*Id*. at ¶ 47.) For example, if the Court determined that Plaintiffs were exempt, then Plaintiffs would be entitled to no recovery. (*Id*.)

Additionally, society's stake in rewarding attorneys who bring class action wage and hour cases favors the requested award. In *Swigart v. Fifth Third Bank*, No. 1:11-CV-88, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014), a wage and hour case, the Court found that "the

11

percentage approach is the most appropriate method for determining reasonable attorneys' fees"

and awarded 33%, or $1,320,000, of the $4,000,000 settlement fund to class counsel.  In doing so,

this Court found:

> Society's stake in rewarding attorneys who bring class action wage and hour
> cases favors the requested award. *Gentrup v. Renovo Servs., LLC*, No. 1:07–
> cv–430, 2011 WL 2532922, at *4 (S.D.Ohio, June 24, 2011) ("[S]ociety has a
> stake in rewarding the efforts of the attorneys who bring wage and hour cases,
> as these are frequently complex matters.").

*Id*. at *6.

Further, the services rendered to the Plaintiffs reflect the significant experience Plaintiffs'

Counsel has with litigating collective and class actions. (See Exhibit 3.)  In fact, Plaintiffs'

Counsel's one third fee request has been approved in numerous similar collective and class actions

in Federal Courts, including this Court.  (*Id.* at ¶ 44.) *See, e.g*., *Klaus v. Humana Pharmacy, Inc*.,

Case No. 1:19-cv-01025 (S.D.); *Rosenbohm v. Cellco Partnership*, Case No. 2:17-cv-00731 (S.D.

Ohio); *Green v. H.A.D., Inc.,* Case No. 2:15-cv-933 (S.D. Ohio); *Bleich v. Cleveland Brewing*

*Company*, Case No. 1:21-cv-01891-JG (N.D. Ohio); *Etheridge v. Vita-Mix*, Case No. 1:21-cv-

0179 (N.D. Ohio); *Viconovic v. Vallourec Star*, Case No. 1:20-cv-1591 (N.D. Ohio); *Klaus v.*

*Humana Pharmacy, Inc*., Case No. 1:19-cv-01025 (S.D. Ohio); *Bleich v. Cleveland Brewing*

*Company*, Case No. 1:21-cv-01891-JG (N.D. Ohio); *Johnson v. New York Life Insurance Co*.,

Case No. 1:19-cv-01898 (N.D. Ohio); *Shumate v. Genesco, Inc.*, et al, Case No. 1:17-cv-03574

(S.D. Ind.); *Grayer, et al. v. Kennametal, Inc.*, Case No. 1:16-cv-01382 (N.D. Ohio); *Allen v.*

*Sutherland Global Services*, Case No. 6:17-cv-6059 (W.D.N.Y); *Lawrence v. Platinum Home*

*Helper*, Case No. 1:17-cv-1479 (N.D. Ohio); *Fullerton v. Golden Flake Snack Foods, Inc*., Case

No. 3:17-cv- 00296 (N.D. Florida); *Miller v. Flowers Baking Co. of Ohio*, Case No. 3:17-cv-725

(N.D.NY.); *Caringi v. Relentless Recovery*, Case No. 1:16-cv-2236 (N.D. Ohio); *Tabor v. A Better*

*Alternative to Senior Care, Inc.,* Case No. 1:16-cv-1281 (N.D. Ohio); *Castro v. Heart Home Care, LLC*, Case No. 1:16-cv-571 (N.D. Ohio); *Bainbridge v. Medline Industries*, Case No. 5:16-cv-00555 (N.D. Ohio); *Terry v. All Hearts Home Health Care*, Case No. 1:16-cv-515 (N.D. Ohio); *Webber v. Nine Energy*, Case No. 4:15-cv-2406 (S.D. Texas); *Swiger, et al. v. Utz Quality Foods, Inc.*, Case No. 1:15-cv-2196 (M.D. Penn); *Houston, et. al. v. Progressive Casualty Insurance Co.*, Case No. 1:15-cv-01853 (N.D. Ohio); *Hillebrandt, et al. v. Horizontal Wireline Services, LLC, et al.*, Case No. 2:15-cv-1307 (W.D. Pa); *Rucker v. Quality Blow Molding,* Case No. 1:15-cv-1039 (N.D. Ohio); *Douglas, et al. v. J&K Subway, Inc.,* Case No. 4:14-cv-2621 (N.D. Ohio); *McPherson v. Horseshoe Cleveland*, Case No. 1:14-cv-02475 (N.D. Ohio); *Smith v. CMHA*, Case No. 1:14-cv-1409 (N.D. Ohio); *Armbruster v. City of Cleveland*, Case No. 1:13-cv-2626 (N.D. Ohio); *Williams v. Beckett Air, Inc.*, Case No. 1:12-cv-2796 (N.D. Ohio); *Welch v. Incept Corporation*, Case No. 5:12-cv-1775 (N.D. Ohio); *Malaj v. Gohlke*, Case No. 1:11-cv-1578 (N.D. Ohio); *Campbell v. Judson Services*, Case No. 1:11-cv-906 (N.D. Ohio); *Murphy v. 1-800-Flowers*, Case No. 1:10-cv-1822 (N.D. Ohio); *Miller v. National Enterprise Systems*, Case No. 1:10-cv-1664 (N.D. Ohio); *Osolin v. Turocy & Watson LLP*, et al, Case No. 1:09-cv-2935 (N.D. Ohio); *Kelly v. National Enterprise Systems*, Case No. 1:09-cv-2268 (N.D. Ohio); *McNelley v. Aldi*, Case No. 1:09-cv-1868 (N.D. Ohio); *Rotuna v. West Customer Management Group*, Case No. 4:09-cv-1608 (N.D. Ohio); *Jackson v. Papa John's*, Case No. 1:08-cv-2791 (N.D. Ohio); *Dillworth v. Case Farms*, Case No. 5:08-cv-1694 (N.D. Ohio); *Fincham v. Nestlé Prepared Foods Company*, Case No. 1:08-cv-73 (N.D. Ohio); *McGhee v. Allied Waste Industries*, Case No. 1:07-cv-1110 (N.D. Ohio).

The litigation expenses sought to be reimbursed are proper and reasonable. Plaintiffs' Counsel has incurred expenses in the amount of $6,547.76, which included $402.00 incurred for

the filing fee, $3,739.05 for administration of the Notice to Potential Class Members; $2,185.58 for Plaintiff's share of the first mediator's fee; and $221.13 for postage. (*Id.* at ¶ 46.) All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement. (*Id.* at ¶ 47.)

## II. CONCLUSION

For the reasons addressed above, the Plaintiff respectfully requests that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 3.

Respectfully submitted,

*/s/ Lori M. Griffin*
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
Email: anthony@lazzarolawfirm.com
Email: lori@lazzarolawfirm.com

Nancy Erika Smith
SMITH MULLIN, LLP
240 Claremont Avenue
Montclair, New Jersey 07042
Telephone: (973) 783-7607
Email: nsmith@smithmullin.com

Ravi Sattiraju
SATTIRAJU & THARNEY, LLP
50 Millstone Road, Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone: (609) 469-2110
Email: rsattiraju@s-tlawfirm.com

*Counsel for Representative Plaintiff*
*and Opt In Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

*/s/ Lori M. Griffin*
Lori M. Griffin
*One of the Attorneys for Representative Plaintiff*
*and Opt-In Plaintiffs*

15