IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LOVELL, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 1:22-cv-00595-CAB |
| Plaintiff, | ) ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| PARK PLACE TECHNOLOGIES, LLC, | ) ) | |
| Defendant. | ) | |

THIS CAUSE having come before the Court on Plaintiff's Unopposed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Lori M. Griffin, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On April 13, 2022, Plaintiff Samuel Lovell filed this Action asserting that Defendant misclassified him and other similarly situated employees as "exempt" and failed to pay them for all hours worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek.

2. Specifically, Plaintiff alleged that Defendant violated the FLSA by misclassifying its Field Service Engineers as exempt, requiring them to work in excess of 40 hours in a workweek, and did not pay them overtime compensation for hours they worked in excess of 40 hours in a workweek in violation of the FLSA and OMFWSA.

3. On October 17, 2022, Plaintiff filed a Motion for Conditional Certification, which Defendant opposed on November 14, 2022.

4. On January 3, 2023, the Court granted Plaintiff's Motion and conditionally certified the following class of individuals: "All individuals employed by Defendant since January 3, 2020, and continuing through the conclusion of the litigation, who have held the title of Field Service Engineer and were classified by Defendant as exempt from the overtime requirements of the FLSA and who worked in excess of 40 hours in any workweek during this period of time."

5. On January 13, 2023, Maurice Crayne's consent form was withdrawn.

6. On February 13, 2023, the Notice was mailed and emailed to 328 potential opt-in Plaintiffs. The Notice period closed on March 30, 2023. In total, 57 individuals joined the case. Plaintiff has submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Plaintiffs.

7. The Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1.

8. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs worked over 40 hours in any work week, whether Plaintiffs were properly classified as exempt, whether the 2-year or 3-year statute of limitations applies, whether Plaintiffs are similarly situated, and whether Plaintiffs would be entitled to liquidated damages, as Defendant claims it did not act willfully and has a good faith defense.

9. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement in principle to settle the Action on April 7, 2024, and subsequently agreed to the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to Plaintiff's Unopposed Motion For Approval.

10. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the

Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Lead Plaintiff and the Opt-In Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

11. The Court approves the Joint Stipulation of Settlement and Release and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Lead Plaintiff and the Opt-In Plaintiffs. The claims of the Lead Plaintiff and Opt-In Plaintiffs are dismissed with prejudice and released as provided in the Joint Stipulation of Settlement and Release.

12. The Court finds that the proposed allocation and calculation of the Individual Payments to Plaintiffs are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments, and orders that the Individual Payments be distributed in the manner, and subject to the terms and conditions, set forth in the Joint Stipulation of Settlement and Release.

13. The Court approves the Service Award Payment to Lead Plaintiff Samuel Lovell in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Joint Stipulation of Settlement and Release.

14. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Joint Stipulation of Settlement and Release and orders that

such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Joint Stipulation of Settlement and Release.

15. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except as otherwise provided by the Joint Stipulation of Settlement and Release. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  23rd  day of   May   , 2024

_____
JUDGE CHRISTOPHER A. BOYKO